## S99Y0779. IN THE MATTER OF DAVID LEE JUDAH.
(532 SE2d 370)

PER CURIAM.

Respondent David Lee Judah filed a Petition for Voluntary Discipline after the State Bar of Georgia filed ten Formal Complaints against Respondent and sought his disbarment. Pursuant to the State Bar's petition and Respondent's consent, this Court suspended Respondent from the practice of law pending the outcome of the disciplinary proceedings against him. *In the Matter of David Lee Judah*, 267 Ga. 110 (477 SE2d 314) (1996). After the special master appointed by this Court rejected Respondent's petition for voluntary discipline, he amended the petition to propose a three-year suspension as the appropriate discipline and to address several concerns raised by the special master. Thereafter, the special master conducted a hearing at which Respondent stipulated that every allegation of every grievance was proven beyond a reasonable doubt, and offered evidence in mitigation. The special master issued a recommendation that Respondent be suspended from the practice of law for three years and that his reinstatement be contingent upon certain conditions being met. Respondent urges this Court to adopt the report of the special master and to issue an order incorporating his recommendations. The State Bar of Georgia has not filed any exceptions to the special master's report.

The formal complaints which Respondent agreed were proven beyond a reasonable doubt alleged violations of Standards 4 (engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of the client); 23 (failure to refund an unearned fee); 44 (wilful abandonment or wilful disregard of a legal matter entrusted to a lawyer); 45 (knowingly engaging in conduct contrary to a disciplinary rule); 61 (failing to promptly notify a client of receipt of client funds and failure to promptly deliver those funds); 63 (failure to maintain complete records of all funds, securities, and other properties of a client in lawyer's possession and failure to promptly render appropriate accounts to client regarding them); and 65 (commingling client funds with that of the attorney and withdrawing trust money for personal use) of Bar Rule 4-102.

Most of the complaints lodged against Respondent came from persons or entities for whom he had filed or agreed to file petitions for bankruptcy. After filing the petitions, Respondent did not communicate with the clients, took no action on their behalf to represent their interests, and failed to return the fee paid to him. Further, he failed to respond to the State Bar's disciplinary authorities investigating the complaints. On another occasion, his misrepresented to

counsel for the bankruptcy trustee the nature of the undisclosed and unexplained fee payment made to him by his client. On four occasions, he failed to account for client funds he held on behalf of the client. At the hearing before the special master, Respondent testified about his association shortly after finishing law school with an attorney who was subsequently disbarred (see *In the Matter of Amodeo*, 264 Ga. 622 (449 SE2d 607) (1994)), and Respondent's ill-advised decision after the breakup of the Amodeo Law Firm to assume responsibility for approximately 300 bankruptcy cases in which the fees had already been siphoned off although much work remained to be done. Respondent also discussed in detail his family and work history including his alcoholism, depression, marital difficulties and pain from an automobile accident which heightened his alcoholism and, combined with his limited trial experience, contributed to his inability to handle his case load. When he finally realized the gravity of his situation through the help of a caring friend, Respondent testified he agreed to go to Waco, Texas, where he attended Alcoholics Anonymous meetings and received six months of rehabilitative help at the Freeman Center.

We agree with the recommendation of the special master that Respondent be suspended from the practice of law for a period of three years, effective the date of this opinion, and that he be reinstated to the practice of law only after: (1) making restitution, with interest from March 15, 1996 (the date Respondent ceased practicing law in Georgia), to the complainants whose grievances were the subject of his amended petition for voluntary discipline within one year of the date of this opinion; (2) making restitution to the State Bar of Georgia's Client Security Fund if it paid any funds to the complainants whose grievances were the subject of his amended petition; (3) providing proof of payment of the above restitution to the Office of General Counsel; (4) submitting to physical and mental examinations by licensed and board-certified physicians, the results of which will be submitted to the Office of General Counsel and the Lawyer Assistance Program; (5) presenting to the Office of General Counsel certification from the Lawyer Assistance Program that Respondent is fit to resume the practice of law and poses no threat of substantial harm to the public or his clients; (6) applying for and taking the Multi-State Professional Responsibility Examination and obtaining certification from the Board of Bar Examiners of his passing score; (7) and agreeing that, after resuming the practice of law, Respondent shall (a) continue treatment with a mental health professional, who shall report Respondent's condition to the Lawyer Assistance Program, at a frequency set by the Lawyer Assistance Program until the professional and the Lawyer Assistance Program agree that Respondent no longer needs professional consultation; and (b) attend the

first session of Ethics School offered by the State Bar, at Respondent's expense. Should the mental health professional treating Respondent ever certify to the Lawyer Assistance Program that Respondent is not presently fit to practice law, the Lawyer Assistance Program or the Investigative Panel of the State Bar's Disciplinary Board shall be authorized to proceed under State Bar Rule 4-104.

*Three-year suspension with reinstatement on conditions. All the Justices concur.*

DECIDED MAY 2, 2000.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.
*James E. Spence, Jr.*, for Judah.